**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 31, 2011

Lyle W. Cayce
Clerk

No. 10-50952
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID SERRANO-VILLALOBOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:05-CR-248-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Serrano-Villalobos appeals the sentence imposed following the revocation of his supervised release. The district court sentenced Serrano-Villalobos to 9 months of imprisonment and 24 months of supervised release. He also was ordered to submit to electronic monitoring and home confinement during evening hours for the first year of his supervised release. Serrano-Villalobos argues that the imposition of an additional term of supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the requirement for home confinement resulted in a sentence that was greater than necessary and unreasonable.

Because Serrano-Villalobos did not object to the reasonableness of his sentence in the district court, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

After revoking supervised release, a district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(e)(3). If a term of supervised release is revoked and the defendant is ordered to serve a term of imprisonment, the district court also may impose an additional term of supervised release. § 3583(h). In the instant case, both the 9 month term of imprisonment and the additional 24 month term of supervised release were within the statutory maximums.

Serrano-Villalobos also has not shown that the district court committed plain error by imposing an additional term of supervised release and requiring one year of electronic monitoring and home confinement during evening hours as special conditions. Pursuant to 18 U.S.C. § 3553(a)(1), the district court is to consider "the history and characteristics of the defendant" in determining the sentence to be imposed. One of the violations that ultimately resulted in revocation of supervised release was based on an admitted allegation that police found Serrano-Villalobos drunk outside of a local bar at 5 a.m. Additionally, the district court found that Serrano-Villalobos had violated the terms of his supervised release by failing to cooperate with required drug testing. In light of what these violations reveal about Serrano-Villalobos's "history and

characteristics," the imposition of conditions requiring electronic monitoring and home confinement was not plain error.

To the extent Serrano-Villalobos is arguing that the totality of the sentence imposed was unreasonable, he essentially is asking this court to substitute his view of what an appropriate sentence would be for the district court's view, which we decline to do. *Cf. Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

AFFIRMED.